UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **NATHAN HARVEY** and **NICK DEPROSPO**, on behalf of themselves and all others similarly situated,<br><br>      Plaintiffs,<br><br>v.<br><br>**NATIONAL AMUSEMENTS INC.** d/b/a **SHOWCASE CINEMAS**,<br><br>      Defendant. | No. 1:24-cv-10027-GAO |

**PLAINTIFFS' REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFFS' RULE 59(E) MOTION TO CLARIFY AND RULE 15(A) MOTION FOR LEAVE TO AMEND**

  Plaintiffs Nathan Harvey and Nick Deprospo ("Plaintiffs") respectfully submit this Reply in further support of their Motion under Rule 59(e) for Clarification and for Leave to Amend. (dkt. no 40). Defendant offers no valid reason to deny clarification of the Court's March 27, 2025, dismissal order. Plaintiffs seek to resolve a procedural ambiguity regarding finality and to address the standing deficiencies identified by the Court. Clarification is procedurally proper in light of the Court's dismissal under both Rule 12(b)(1) and 12(b)(6), and consistent with First Circuit authority requiring dismissal for lack of standing to be without prejudice. Plaintiffs further seek leave to amend based on newly identified facts—including the timing of the fraudulent LLC's formation and Defendant's possession of the information used to create it—that speak directly to the Court's concerns. Because these facts support traceability and standing, and because this is Plaintiffs' first request to amend following dismissal, leave to amend is warranted.

1

**ARGUMENT**

I.   **Clarification Is Necessary To Determine Finality and Appellate Jurisdiction.**

Defendant downplays the need for clarification (dkt. no. 51), but Plaintiffs' request is both appropriate and legally well-grounded. While dismissals under Rule 12(b)(6) are generally presumed to be with prejudice, dismissals for lack of Article III standing under Rule 12(b)(1) must be without prejudice. See *Quinn-Goncalves v. ICE Field Office*, No. 24-cv-10655, 2024 U.S. Dist. LEXIS 229200, at *2 (D. Mass. June 24, 2024)(explaining that "standing is a prerequisite to a federal court's subject matter jurisdiction" and thus "dismissals for lack of standing 'operate without prejudice[.]'") (quoting *Hochendoner v. Genzyme Corp.*, 823 F.3d 724, 730, 736 (1st Cir. 2016)).

Here, the Court expressly found that "Plaintiffs fail[ed] to allege sufficient facts to establish standing" before granting dismissal. (dkt. no. 40, at 3, 8) Because dismissals without prejudice are generally not final or immediately appealable, clarification is both necessary and consistent with appellate procedure. *Duarte v. Frane*, No. 23-1903, 2024 U.S. App. LEXIS 28700, at *2 (1st Cir. Oct. 21, 2024) (citing *Mirpuri v. ACT Mfg., Inc.*, 212 F.3d 624, 627-29 (1st Cir. 2000)).

Plaintiffs' filing of a Notice of Appeal does not undermine their request for clarification or amendment. Rather, Plaintiffs took that step out of an abundance of caution, as expressly stated in the filing itself, to preserve all appellate rights while reserving the right to amend or supplement the notice following this Court's ruling on the pending motion. (dkt. no. 44)

In fact, the First Circuit recognized this procedural posture and ordered Plaintiffs to provide status updates on this Court's resolution of the pending motion. (Dkt. No. 50.) The First Circuit further directed that "[o]nce the district court rules on the pending motion, it is directed to forward its decision to this court forthwith." (dkt. no. 50)

Accordingly, Plaintiffs' request for clarification is proper, procedurally necessary, and remains warranted.

## II. Amendment Would Not Be Futile Because Plaintiffs Can Cure the Identified Deficiencies.

Defendant argues that the Articles of Organization cannot be considered "newly discovered" because they were technically obtainable earlier. However, Plaintiffs raised these facts as soon as their legal relevance became clear in light of the Court's ruling. The discovery that the fraudulent LLC was formed on the same day Defendant began issuing breach notifications—and that it used Plaintiff Harvey's former employment-related address—presents new, material factual developments that go directly to the deficiencies identified by the Court. (dkt. no. 43)  These facts were not previously alleged and warrant consideration on amendment.

Amendment would not be futile because Plaintiffs can now allege two key facts the Court previously found missing:

*First*, a temporal connection. Plaintiffs now allege that the fraudulent LLC was formed on December 22, 2023—the very same day Defendant began issuing breach notifications—not two years later as previously believed. This timing strengthens the connection between the breach and the misuse.

*Second*, use of data maintained by Defendant.  Plaintiffs further allege that the LLC was registered using Plaintiff Harvey's former address—88 Park Ave, Elsmere, Kentucky—the same address that Defendant maintained in its employment records. Although Plaintiff no longer resided at that address when the LLC was formed, Defendant still maintained that information in its records. This strengthens the inference that the information used to form the LLC originated from data Defendant possessed.

These allegations directly address the standing and traceability deficiencies identified by the Court. This is Plaintiffs' first request to amend following dismissal, and courts generally favor resolving claims on the merits where standing defects may be curable. Defendant's futility argument improperly invites the Court to resolve factual disputes that are better suited for discovery or summary judgment, not at the pleading stage.

Contrary to Defendant's assertions, it cannot be presumed—at this stage—that the alignment of the LLC's formation date with Defendant's breach notifications, or the use of information maintained by Defendant, was merely coincidental. (dkt. no. 51, at 1, 5, 6) On a motion to dismiss, the Court must accept Plaintiffs' factual allegations as true and draw all reasonable inferences in their favor. See *Alt. Energy, Inc. v. St. Paul Fire & Marine Ins*. Co., 267 F.3d 30, 33 (1st Cir. 2001). Plaintiffs' proposed amendment meets this standard and is not futile.

### III. CONCLUSION

Thus, Plaintiffs respectfully request that the Court: (1) clarify whether the Order dismissing Plaintiffs' Class Action Complaint was with or without prejudice; (2) alter or amend the Order to be without prejudice if the Order was with prejudice; and (3) grant Plaintiffs leave to file a Second Amended Complaint within 21 days of the Court's ruling on this motion.

Dated: May 20, 2025

Respectfully submitted,

By: */s/ Raina C. Borrelli*
Raina C. Borrelli (*pro hac vice*)
Andrew Gunem (*pro hac vice*)
Cassandra Miller (*pro hac vice* anticipated)
**STRAUSS BORRELLI PLLC**
One Magnificent Mile
980 N Michigan Avenue, Suite 1610
Chicago IL, 60611
Telephone: (872) 263-1100
Facsimile: (872) 263-1109

        raina@straussborrelli.com
        agunem@straussborrelli.com
        cmiller@straussborrelli.com

        Anthony Paronich
        **PARONICH LAW, P.C.**
        350 Lincoln Street, Suite 2400
        Hingham, MA 02043
        Telephone: (617) 485-0018
        Facsimile: (508) 318-8100
        anthony@paronichlaw.com

## CERTIFICATE OF SERVICE

    I, Raina C. Borrelli, hereby certify that on May 20, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record via the ECF system.

DATED this 20th day of May, 2025.

                          STRAUSS BORRELLI PLLC

                          By: */s/ Raina C. Borrelli*
                                Raina C. Borrelli
                                STRAUSS BORRELLI PLLC
                                One Magnificent Mile
                                980 N Michigan Avenue, Suite 1610
                                Chicago IL, 60611
                                Telephone: (872) 263-1100
                                Facsimile: (872) 263-1109
                                raina@straussborrelli.com